IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CLINTON O. WITHROW and )
MARTHA C. WITHROW, )
  )
      Plaintiffs )
  )
  v. ) No. 3:04-cv-546
  )
FIRST TENNESSEE BANK )
NATIONAL ASSOCIATION, *et al.*, )
  )
      Defendants )

## **MEMORANDUM AND ORDER**

This is a diversity action which against defendant Charles Milstead seeks to recover damages allegedly sustained as the result of appraisal services performed with regard to real property located in Sevierville, Tennessee. Currently pending is defendant Milstead's motion for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure. Plaintiffs have failed to timely respond to the motion and are therefore deemed to have waived any response. Rule 7.2, Local Rules of the United States District Court for the Eastern District of Tennessee.

The appraisal of the property was performed by Michael Snyder and dated October 23, 2000. The appraisal was subject to satisfactory completion of

construction on the property. A satisfactory completion certificate, certifying that all requirements or conditions contained in the appraisal had been met, was subsequently issued on August 7, 2001. Defendant Milstead did not prepare either the appraisal or the completion certificate.

Plaintiffs' complaint includes claims against Charles Milstead for negligent misrepresentation, negligence, fraud, civil conspiracy, and violation of the Tennessee Consumer Protection Act, all of which are based solely upon information contained in the Appraisal and Completion Certificate.

Plaintiffs closed the permanent financing for the purchase of the property on August 31, 2001. They admit that, based upon their own inspection of the property, they were aware that the property did not have adequate sewer or water service on the closing date. The present lawsuit against Milstead to recover damages allegedly sustained as a result of the appraisal was filed in the Chancery Court for Sevier County on October 14, 2004.

Under Tennessee law, the statute of limitations period for an action for negligent misrepresentation is three years. *See* T.C.A. § 28-3-105; *Medical Education Assistance Corporation v. Metha*, 19 S.W.3d 803, 817 (Tenn.Ct.App. 1999). In this case, plaintiffs' cause of action against Charles Milstead for negligent

2

misrepresentation arose on August 7, 2001, when the completion certificate was issued because the issuance of that certificate was the last overt act with respect to the appraisal that possibly could be attributed to Mr. Milstead. In addition, the three-year statute of limitations found in T.C.A. § 28-3-105 also applies to actions in fraud as they affect real property. Accordingly, that claim is also barred.

With respect to plaintiffs' claim for civil conspiracy, the one-year statute provided in T.C.A. § 28-3-104 applies. Actions under the Tennessee Consumer Protection Act are governed by the one-year statute of limitations set forth in T.C.A. § 47-18-110.

As plaintiffs have failed to respond to Mr. Milstead's motion for judgment on the pleadings, it is uncontroverted that all claims brought against him are barred by the applicable statutes of limitations. Accordingly, defendant Milstead's motion for judgment on the pleadings [Court File #29] is hereby GRANTED, and this action is DISMISSED with respect to defendant Charles Milstead.

**E N T E R :**

                                                  *s/ James H. Jarvis*
                                          UNITED STATES DISTRICT JUDGE

3

Case 3:04-cv-00546   Document 33   Filed 05/09/06   Page 3 of 3   PageID #: 9