IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CLINTON O. WITHROW AND )
MARTHA WITHROW, )
)
      Plaintiffs )
)
    v. ) No. 3:04-cv-546
)
FIRST TENNESSEE BANK )
NATIONAL ASSOCIATION, *et al.*, )
)
      Defendants )

## **MEMORANDUM OPINION**

This is a diversity action removed to this court from the Chancery Court of Sevier County. It arises out of the sale and financing of a rental property in the Lone Branch Resort of Sevier County. The original complaint is against 16 defendants involved in the sale and/or financing of the property and raises theories of fraud, negligent misrepresentation, violations of the Tennessee Consumer Protection Act (TCPA), civil conspiracy, negligence, breach of fiduciary duty, appraiser liability, and surveyor liability. Currently pending is the motion for judgment on the pleadings and for partial summary judgment of the remaining appraisers, Milstead's Appraisal Service, Wes Milstead, and Michael Snyder [Court File #36]. These defendants contend that plaintiffs' TCPA and civil conspiracy

claims are barred by the applicable statutes of limitation and that plaintiffs fail to allege specific facts to support a negligent misrepresentation claim. Because I conclude that questions of material fact remain to be determined, the motion will be denied.

I.

*Factual Background*

The following factual allegations are considered in the light most favorable to the plaintiffs.

Plaintiffs' claims against the Milstead defendants arise out of appraisal services they performed with regard to real property described as Lot 26, Lone Branch Creek Resort in Sevierville, Tennessee. An appraisal of the property was performed by Michael Snyder of the Milstead Agency and dated October 23, 2000, and a satisfactory completion certificate certifying that all requirements or conditions contained in the appraisal had been met was issued on August 7, 2001. Plaintiffs closed permanent financing on the property on August 31, 2001, and the original lawsuit was filed in state court on August 29, 2003. That lawsuit made claims that misrepresentations were made in the appraisal and completion certificate that

2

grossly over-inflated the value of the property and made a false certification that the water and sewer services for the property were satisfactorily complete.

Plaintiffs have submitted their own affidavits in which they state that they never received a copy of the appraisal prior to the closing of the loan, and that representatives of the Seller and Lender told them that the property had appraised for $280,000; that on the day of the closing they noticed that the water would not turn on, but they were told it was simply because the tap fee of $50 needed to be paid and that it would be taken care of; that they were unaware of any water or sewer problems on the date of closing; and that they were unaware that a satisfactory completion certificate certifying that a final inspection on the property had been performed by Michael Snyder of Milstead's Appraisal Service had been filed until their depositions were taken on December 21, 2005.

Plaintiffs contend that questions of material fact remain with respect to when these statutes of limitation accrued with regard to the TCPA and conspiracy claims and to whether they actually relied on the alleged misrepresentations that may have been made in the appraisal and completion certificate.

## II.
### *Applicable Legal Standards*

A motion for judgment on the pleadings under Rule 12(c), Federal Rules of Civil Procedure, is treated in the same manner as a motion to dismiss under Rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). The court is to "construe the complaint in the light most favorable to the plaintiffs ... and determine whether the plaintiffs undoubtedly can prove no set of facts in support of the claim that would entitle them to relief." *Id.* The court is to accept all of the plaintiffs' factual allegations as true. *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993). Where matters outside the pleadings have been submitted and considered by the court, a motion for judgment on the pleadings will be treated as one for summary judgment. *See* Rule 12(c), Federal Rules of Civil Procedure. In this case, matters outside the pleadings have been submitted and considered by the court. Accordingly, this will be treated as a motion for summary judgment.

III.
*Summary Judgment Standards*

Pursuant to Rule 56, summary judgment shall be rendered when requested if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is the burden of the party seeking summary judgment to show the court that, under

4

uncontradicted facts, the moving party is entitled to judgment as a matter of law. Summary judgment is intended to provide a quick, inexpensive means of resolving issues as to which there is no dispute regarding the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In assessing the validity of a summary judgment motion, the court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion. However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which the party will bear the burden of proof at trial. *Catrett*, 477 U.S. at 322.

IV.

***Statutes of Limitation Periods***

The limitation period for claims under the TCPA is governed by the one-year statute of limitations set forth in T.C.A. § 47-18-110. That section provides that claims under the TCPA must be filed within one year from the consumer's discovery of the unlawful act or practice.

The limitation period for an action for civil conspiracy is governed by the one-year statute of limitations set forth in T.C.A. § 28-3-104. That section provides that actions for injuries to a person shall be commenced within one year after the cause of action accrued. A cause of action for civil conspiracy accrues when an overt act in furtherance of an alleged conspiracy causes damage to the complainant. *Budget Rent-A-Car v. Car Services*, 469 S.W.2d 360, 362 (Tenn. 1971).

Under Tennessee law, in order to state a claim for negligent misrepresentation, a plaintiff must allege the following required elements: (1) the defendant was acting in the course of his business, profession, or employment; (2) the defendant supplied faulty information meant to guide others in their business transactions; (3) the defendant fails to exercise reasonable care in obtaining or communicating the information; and (4) the plaintiff justifiably relies upon the information. *Robinson v. Omer*, 952 S.W.2d 423, 427 (Tenn. 1997). Liability for negligent misrepresentation may attach when a person, in the course of his or her business, negligently provides false information where it is foreseeable that the

6

plaintiff will use or rely on the information provided. *John Martin Co. v. Morse/Diesel, Inc.*, 819 S.W.2d 428, 432 (Tenn. 1991).

V.

***Analysis***

With respect to plaintiffs' claim under the TCPA, defendants contend that plaintiffs' claim under the TCPA accrued, at the very latest, on the closing date of August 31, 2001. The court disagrees. The affidavits of the plaintiff establish that as of that date the plaintiffs had no idea that the water and sewer services for the property had not been completed or that the appraisal overestimated the value of the property by at least $100,000. There is at least a question of material fact with respect to when the plaintiffs had constructive knowledge of any deficiencies in the appraisal or completion certificate.

Similarly, a question of fact remains with respect to when an overt act occurred from which plaintiffs' damage arose. Plaintiffs contend that they first became aware of the contents of the appraisal on December 21, 2005. Under the defendants' interpretation of the proper accrual date, plaintiffs' conspiracy claim would have been tolled three years prior to their being aware that the defendants had performed an allegedly fraudulent appraisal. The court finds that plaintiffs'

7

cause of action could not have accrued until at least one year after plaintiffs learned of the "overt act" causing their damage.

Finally, the defendants contend that plaintiffs' negligent misrepresentation claim must fail because they cannot establish justifiable reliance. The court disagrees. Liability for negligent misrepresentation may attach when a person, in the course of his or her business, negligently provides false information where it is foreseeable that the plaintiff will use or rely on the information provided. *John Martin Co. v. Morse/Diesel, Inc.*, 819 S.W.2d 428, 432 (Tenn. 1991). In this case, it was at least reasonably foreseeable that the purchaser would rely not only on the $280,000 appraisal, but also on the certification that the water and sewer had been properly completed. Simply because the alleged misrepresentations were not made directly to the plaintiffs would not prevent a jury from finding that their justifiable reliance was reasonably foreseeable.

VI.
*Conclusion*

In light of the foregoing, the motion for judgment on the pleadings and for partial summary judgment by Milstead's Appraisal Service, Wes Milstead, and Michael Snyder [Court File #35] will be denied.

8

Order accordingly.

                                ***s/ James H. Jarvis***
                             UNITED STATES DISTRICT JUDGE